UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY D. PINKSTON,

        Plaintiff,

vs.                                        Case No.  3:04-cv-606-J-20MCR

JO ANNE BARNHART, Commissioner of
Social Security Administration,

        Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**

**THIS CAUSE** is before the Court on Plaintiff Harry D. Pinkston's Complaint (Doc. No. 1), seeking judicial review of a final administrative decision denying his application for Social Security benefits.[1] The Court has thoroughly reviewed the record, the briefs and the applicable law.[2] For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for Social Security Income ("SSI") on December 13, 2000, alleging he became unable to work on May 21, 2000.  (Tr. 99). The Social Security Administration denied Plaintiff's application initially and upon

---

[1] In his complaint, Plaintiff requests oral argument on the issues presented. Pursuant to Local Rule 3.01(d), the Court may permit oral argument at the request of any interested party. In this case, however, the Court will fully address the issues based solely upon the briefs and legal memoranda submitted by the parties.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. See Doc. Nos. 13, 14.

reconsideration. (Tr. 19). Plaintiff filed a timely request for a hearing on the matter. Plaintiff's request was granted and a hearing was conducted by an administrative law judge ("ALJ") on May 20, 2003. (Tr. 29-67).

The ALJ issued a decision on July 23, 2003, concluding Plaintiff was not disabled and therefore not entitled to SSI pursuant to sections 1602 and 1614(a)(3)(A), respectively, of the Social Security Act. (Tr. 19-25). Plaintiff filed a timely request for review by the Appeals Council which was denied on April 30, 2004. (Tr. 8-11). Consequently, the ALJ's July 23, 2003 decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.955, 404.981. Plaintiff then filed a timely Complaint (Doc. No. 1) in the United States District Court on July 22, 2004. (Doc. No. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    The Complaint

Plaintiff claims to be disabled since May 21, 2000, due to his condition following cervical laminectomy, foraminotomy and fusion; and left femur closed reduction. Additionally, Plaintiff asserts an inability to work due to chronic neck, back and hip pain as well as chronic depression. In his Memorandum in support of the Complaint, Plaintiff presents two issues for the Courts review. First, Plaintiff argues the ALJ erred by failing to employ applicable legal standards in rejecting his subjective complaints of pain. Second, Plaintiff argues the ALJ failed to propound to the vocational expert ("VE") complete hypothetical questions including all of Plaintiff's limitations.

In response, the Commissioner argues her final decision is supported by substantial evidence. The Commissioner maintains that, after conducting a complete review of the entire record, the ALJ properly found Plaintiff's subjective complaints of pain not fully credible. The Commissioner further maintains the ALJ properly questioned the VE regarding the credible limitations to Plaintiff's ability to perform work-related activities.

### B.     Summary of Evidence Before the ALJ

Plaintiff was born October 14, 1956, and was 46 years of age at the time the ALJ conducted the administrative hearing. Plaintiff possesses a high school education and his past relevant work includes employment as a farm worker and produce dealer.

In sum, the record reveals the following relevant medical evidence. Plaintiff underwent surgical repair of his left femur in October 1989, after being involved in a two-car collision. (Tr. 148). The repair of Plaintiff's femur involved implanting a intramedullary rod to stabilize the bone. (Tr. 151). Plaintiff was hospitalized for five days and subsequently released.

In May 2000, Plaintiff fell approximately 12 feet from the roof of a camper, fracturing his C6-7 vertebrae and left hip. (Tr. 151, 343). X-rays revealed Plaintiff sustained "hardware failure of the left-sided femoral medullary rod with a fracture near intertrochanteric region of the femur." Id. The X-rays further revealed chronic hardware loosening. Id. On May 24, 2000, Plaintiff underwent "C6 hemilaminectomy and foraminotomy with posterior fusion from C5 to C7 using axis plates and local autologous bone grafting," performed by Dr. Richard Fessler, M.D., a board-certified neurosurgeon.

(Tr. 135, 151-153). Dr. Fessler also implanted an intramedullary rod in Plaintiff's left femur. (Tr. 374).

Dr. Bernard H. Guiot, M.D., Plaintiff's treating neurologist, reported Plaintiff was recovering well until June 16, 2000, when he sustained a posterior wound dehiscence which was surgically corrected. (Tr. 135). The wound subsequently became infected and Plaintiff was treated with Oxacillin and Dicloxacillin (Tr. 374-375).

Dr. Guiot referred Plaintiff to post-operative physical therapy and Plaintiff began treatment on October 5, 2000. (Tr. 343-345). On December 11, 2000, Plaintiff was discharged from physical therapy for failure to follow up as instructed. (Tr. 338-339). During the time he participated in physical therapy, Plaintiff consistently reported neck and shoulder pain ranging between five and seven on a scale of one to ten. (Tr. 338-345). Dr. Guiot's subsequent progress notes reveal Plaintiff displayed no signs of neural compression; his cervical spine showed satisfactory alignment; and good positioning of his hardware. (Tr. 354-361). Additionally, Plaintiff's previously infected wound healed satisfactorily. (Tr. 361). Plaintiff however continued to experience neck pain radiating into his shoulders accompanied by numbness and tingling in his left hand. (Tr. 361). As a result, Dr. Guiot referred Plaintiff to pain management therapy. Id.

As part of his disability determination, on July 18, 2001, Plaintiff was referred to Raymond P. Schoenrock, Ph.D., a board-certified psychologist, for a detailed mental status evaluation. (Tr. 382). Based upon his examination, Dr. Schoenrock concluded Plaintiff suffered pain disorder associated with his general medical condition. (Tr. 384).

He further concluded that Plaintiff was in full remission of alcohol dependence and that Plaintiff possessed an adjustment disorder with depressed mood.  Id.  Regarding Plaintiff's ability to perform mental work-related activities, Dr. Schoenrock noted Plaintiff retained adequate capacity in the areas of understanding and memory however did not retain adequate capacity in the areas of sustained concentration, persistence, social interaction and adaptation.  Id.

To assess his exertional limitations, Plaintiff was referred to Dr. Lance I. Chodosh, M.D., a consulting family and occupational medicine practitioner.  Based upon his examination and interview, Dr. Chodosh opined Plaintiff suffered chronic pain as well as chronic depression.  He further opined Plaintiff was able to: (1) walk, stand and sit in a normal fashion; (2) bend occasionally; (3) lift and carry at least 20 pounds with moderate frequency; (4) squat and kneel occasionally; (5) crawl if necessary; (6) comprehend and follow directions; and (7) relate to others normally.  (Tr. 376-379).

Plaintiff offered the following relevant testimony regarding his impairments and limitations.  He prefers spending time alone and does not enjoy interacting with crowds of three or more people.  (Tr. 51).  Plaintiff makes notes to himself to aid his memory.  (Tr. 52).  He is "a very nervous type person" and has been treated with Zoloft in the past.  (Tr. 52).

Additionally, Plaintiff experiences constant back, neck and hip pain accompanied by numbness and tingling in his left hand.  (Tr. 36, 42-43).  On a scale of one to ten: (1) Plaintiff's neck pain generally ranks five or six, intensifying to eight or nine with increased head movements; his back pain ranges between three and four; and his hip

pain ranks five. (Tr. 45-46). Plaintiff treats his pain with over-the-counter medication, sports cream and by consuming alcohol. (Tr. 36, 37, 45). The pain limits his ability to lift more than 10 pounds, walk further than 40 yards, climb stairs and endure prolonged sitting; while the numbness and tingling limits his ability to pick up small objects. (Tr. 40-44, 46-47, 49). Plaintiff however is capable of bending and squatting. (Tr. 51). In sum, Plaintiff testified the condition of his back, neck and hip precludes his ability to work (Tr. 55).

### C. Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § § 404.1520, 416.920.

First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a

claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).

In this case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his allege onset date, May 21, 2000.  At step two, the ALJ found Plaintiff suffered "status-post cervical laminectomy, foraminotomy and fusion and status-post left femur closed reduction, " severe impairments within the meaning of the Regulations.  At step three, the ALJ found that Plaintiff's impairments were not severe enough to meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Before moving to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC").  See 20 C.F.R. § 404.1520(a)(4)(iv).  RFC is an administrative assessment of the extent to which an individual's medically determinable impairments, including any related symptoms, such as pain, cause physical or mental limitations on his ability to do work-related activities.  See Social Security Ruling ("SSR") 96-8p.

In assessing Plaintiff's RFC, the ALJ noted that no treating physician expressed an opinion as to Plaintiff's ability to perform work-related activities.  (Tr. 22).  The ALJ further noted that the consulting physicians opined Plaintiff retained the ability to perform work-related activities.  The ALJ found Plaintiff's testimony regarding his limitations not fully credible, stating it was inconsistent with the medical evidence presented.  (Tr. 22).  Accordingly, based upon her review of the evidence, the ALJ determined Plaintiff retained the RFC to perform a wide range of unskilled, light work so

long as he had the option of alternating between sitting and standing on an hourly basis. Id.

Based upon her determination of Plaintiff's RFC, at step four, the ALJ found Plaintiff was unable to perform his past relevant work.  At step five, the ALJ considered the medical evidence presented, Plaintiff's testimony and the testimony of the VE and further found Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy.  The ALJ therefore concluded Plaintiff was not "disabled" within the meaning of the Social Security Act.

## III.   ANALYSIS

### A.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995), citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as

finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

    **B.**    **Plaintiff's Arguments**

        **1.**    **The ALJ erred by failing to grant Plaintiff a presumption of credibility regarding his subjective pain symptoms.**

Plaintiff contends his allegations of chronic pain are fully supported by substantial competent evidence. See Doc. No. 15 at p. 15. Pain is a non-exertional impairment. Foote, 67 F.3d at 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, 67 F.3d at 1560, quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

Additionally, when assessing the credibility of a claimant's statements, the Code of Federal Regulations sets forth the following seven factors the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and side effects of any medications used to alleviate pain or other symptoms; (5) treatment other than medication received for relief of pain or other symptoms; (6) any measures, other than treatment used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) see also SSR 96-7p and SSR 96-3p.  Pain alone can be disabling, even when its existence is unsupported by objective evidence, Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the

testimony be accepted as true.  Foote, 67 F.3d at 1561-62; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, although the ALJ did not explicitly reference the Eleventh Circuit pain standard, based upon the Court's review, it is evident she conducted the proper analysis of Plaintiff's subjective complaints of pain.  In her decision the ALJ stated: "although the evidence showed that the claimant has medically determinable impairments that could reasonably be expected to produce the pain and other symptoms, the evidence did not support the claimant's allegations of the intensity and persistence of such pain and other symptoms."  (Tr. 22).  In determining whether Plaintiff possessed medical impairments which could reasonably be expected to produce his alleged pain, the ALJ did in fact find evidence of an underlying medical condition–Plaintiff's status following the cervical laminectomy, foraminotomy and fusion as well as the left femur closed reduction.

The ALJ further found the medical evidence presented failed to support the severity of Plaintiff's alleged pain arising from the condition.  Specifically, relying on the progress notes of Plaintiff's treating physician, the ALJ indicated that during his physical therapy, despite complaints of pain, Plaintiff tolerated the exercises well.  (Tr. 21, 366). The ALJ further indicated Plaintiff demonstrated no signs of neural compression, his cervical spine showed satisfactory alignment and his hardware showed good positioning.  Moreover, relying on Dr. Chodosh's assessment, the ALJ noted that, despite crepitus in his hip and a diminished range of motion in his neck, cervical spine

and shoulders, Plaintiff retained good motor strength, a normal gait, the ability to squat as well as walk on his heals and toes.  (Tr. 21, 377-380).

Additionally, in assessing Plaintiff's statements concerning his symptoms, the ALJ indicated she considered the seven factors outlined above.  In her decision, the ALJ recounted Plaintiff's alleged functional limitations.  Based upon his testimony, Plaintiff's daily activities included yard work, minor household chores, riding in a car and tending to his own personal care.  The ALJ noted Plaintiff consistently reported the severity of his back, neck and hip pain ranged between five and seven on a scale of one to ten, intensifying with prolonged walking and sitting and repetitious head movement.  The ALJ further noted Plaintiff participated in physical therapy and treated his pain with over-the-counter medication and alcohol.

Based upon its review, the Court finds the ALJ applied the proper legal standards in considering Plaintiff's subjective pain testimony.  The Court further finds the ALJ adequately articulated reasons, supported by substantial evidence, in  discrediting Plaintiff's subjective pain testimony.  Accordingly, the Court rejects Plaintiff's initial argument.

       **2.**       **The ALJ erred by failing to pose hypothetical questions which reflect Plaintiff's overall physical and mental impairments.**

Plaintiff maintains that, although two independent physicians opined that he suffered chronic pain and chronic depression, the ALJ failed to include the limitations in the hypothetical questions posed to the VE.  Plaintiff correctly argues that case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and

supportable on the record and which include all limitations or restrictions of the particular claimant. Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. Id. at 1561 (quoting Brenam v. Harris, 621 F.2d 688, 690 (5th Cir. 1980)).

Based upon the Court's review, the hypothetical questions posed to the VE comprised all of Plaintiff's impairments. The ALJ propounded three hypotheticals which provided, in relevant part:

> . . . [A]ssume an individual who is 46 years of age with a high school education and prior semi-skilled–lower level semi-skilled work experience . . . limited to a maximum lift of 20 pounds occasionally, ten pounds more frequently during the workday. . . in addition to that, the individual should have the opportunity to change positions during the workday from being. . . seated to a standing position . . . on an hourly basis. . . . [W]ith respect to upper extremity use during the workday, the individual could do frequent handling, but only occasional fingering . . . [and would not] be in a position that required working around a lot of people . . . .

(Tr. 57-61). Although the ALJ did not explicitly state Plaintiff suffered chronic pain or chronic depression, the hypothetical questions posed included the resulting functional limitations. Indeed, all factors regarding Plaintiff's mental and physical abilities were taken from the consultative assessments as well as Plaintiff's own testimony. (Tr. 51-52, 376-379, 384). In her decision, the ALJ explained the evidence presented showed that Plaintiff's physical and mental impairments caused mild limitations in his daily activities, social function, concentration, persistence and pace. (Tr. 21). The ALJ provided Plaintiff's mental impairment caused no decompensation or deterioration in his

ability to do unskilled work or to perform in work-like settings.  Moreover, the evidence presented failed to establish Plaintiff's physical impairments precluded his ability to perform light work, with the added limitation that Plaintiff have the option of alternating between standing and sitting on an hourly basis. (Tr. 21).  Based upon the Court's review, the hypothetical questions posed by the ALJ accurately reflect Plaintiff's impairments and limitations as well as his RFC to perform a wide range of unskilled, light work.  Accordingly, the Court rejects Plaintiff's second argument.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **AFFIRMED** pursuant to sentence four, 42 U.S.C. 405(g).  The Clerk of Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 23rd day of September, 2005.

*Monte C. Richardson*

**MONTE C. RICHARDSON**
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party